**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| : | Case No. 2:11-cr-37 |
| v. : | |
| : | |
| NATHANIEL GOODALE, : | |
| : | |
| Defendant. : | |

## Memorandum Opinion and Order:
## Motion to Dismiss Count Two of the Superseding Indictment

Before the Court is Defendant Nathaniel Goodale's Motion to Dismiss Count Two of the Superseding Indictment, an attempted possession of child pornography charge. ECF No. 31. Pending also are a series of motions in limine filed by the parties, ECF Nos. 25-28 (the "Motions in Limine"). Since the Court has not had an opportunity to view the evidence involved in the Motions in Limine, it limits today's order to the Motion to Dismiss. Resolving that motion, however, clarifies the relevance of intent to the government's case, a key source of contention in the Motions in Limine. The Court thus concludes by offering several general principles to further guide discussion of evidentiary matters in advance of trial.

### Statement of Facts

From 2002 until 2010, Goodale lived with his stepdaughter ("J1") and her mother, Darcy, at their home in Berlin, Vermont.

1

The government alleges Goodale secretly created nude footage of J1 while she used the bathroom, beginning in November 2009. During that time, J1 was seventeen years old. At first, Goodale shot short videos of her from outside the bathroom window, but in March 2010, he began secretly videotaping J1 from inside the bathroom. Those lengthy recordings capture moments in which J1's nude body is exposed as she enters the shower and uses the toilet. The videos also show Goodale as he adjusts the hidden camera. On May 29, 2010, J1 turned eighteen. Goodale continued filming her until around July 2010, when he confessed his actions to J1 and Darcy, and later to a marriage therapist, Maggie Fox. His hidden camera sessions yielded six videos of J1 prior to her eighteenth birthday that the government contends are child pornography.

The Superseding Indictment charges Goodale with two counts of violating 18 U.S.C. § 2252(a)(4)(B), the first for possessing and the second for attempting to possess child pornography. ECF No. 12. Goodale admits to possessing the six videos of J1 and to creating them. The central dispute for trial is whether those videos rise to a level criminalized by federal law. Under the statute, the defendant must "knowingly possess" a "visual depiction" that "involves the use of a minor engaging in sexually explicit conduct." *Id.* "Sexually explicit conduct" is

defined separately as, *inter alia*, "graphic or simulated lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2)(B). A key question provoked by that definition is how relevant the subjective intent of the intended viewer of the visual depiction—in this case, Goodale—is to the jury's determination of lasciviousness.

Under Count Two's attempt charge, the government argues it must prove: (1) "'that the defendant intended to commit the crime of possession of child pornography'"; and (2) "'that the defendant did some act that was a substantial step in an effort to bring about or accomplish the crime.'" Gov't's Mots. in Limine 7, ECF No. 25 (quoting Sand, et al., Modern Fed. Jury Instrs., Vol. 1 ¶ 10.01). Prong one would thus make Goodale's intent relevant to the issue of his desire to possess child pornography, regardless of its pertinence to lasciviousness.

**Motion to Dismiss Count Two**

Goodale argues Count Two should be dismissed, observing that the Superseding Indictment does not cite any statute making attempted possession of child pornography a crime. *See* Superseding Indictment 2. The government has subsequently confessed error and provided the relevant citation. Gov't's Opp'n to Mot. to Dismiss Count Two of the Superseding Indictment 1, ECF No. 35; *see* 18 U.S.C. § 2252(b)(2) ("Whoever violates, or

attempts or conspires to violate, paragraph (4) of subsection (a) shall be fined under this title or imprisoned not more than 10 years, or both . . . ."). Under Federal Rule of Criminal Procedure 7(c)(1), an indictment must contain "the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." However, an omission cannot be grounds for dismissing the indictment, unless the defendant is "misled and thereby prejudiced" by it. Fed. R. Crim. P. 7(c)(2).

Goodale argues that the omission is prejudicial, making three points. First, contending that Count Two renders the indictment multiplicitous, he raises the fear of being punished multiple times for the same offense—once for possession and once for attempt to possess the same six videos. *See Costo v. United States*, 904 F.2d 344, 348 (6th Cir. 1990) (overturning consecutive sentences for attempted distribution of cocaine and distribution of cocaine, since they are the same offense under the test in *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). That would be of grave concern if it were to occur. *See United States v. Polouizi*, 564 F.3d 142, 154-57 (2d Cir. 2009) (vacating separate convictions on eleven counts of possession of computer files under § 2252(a)(4)(B) for violating the Double Jeopardy Clause). However, once a defendant is

4

convicted for a completed crime, any attempt charge must merge into the substantive conviction. *See United States v. Moss*, 562 F.2d 155, 159 (2d Cir. 1977). Thus, Goodale would not be punished separately for violating both counts, even if the jury finds him guilty of both. Moreover, as the government points out, if the jury did return a guilty verdict on both counts, the Court could address any concern about multiple punishment before sentencing. *See United States v. Ketchum*, 320 F.2d 3, 8 (2d Cir. 1963) ("Decision as to the unit of punishment is not controlled by the form of the indictment.").

Goodale secondly argues Count Two may give the unfair impression to the jury that he committed more than one offense. *See Ketchum*, 320 F.2d at 8. Assuming the jury was properly instructed on the nature of an attempt charge, the risk of prejudice would be minimal.

Lastly, Goodale argues that adding Count Two allows the government to introduce prejudicial evidence of intent that would not be admissible to prove Count One's possession charge. However, the Court has already made clear in an opinion in this case that Goodale's intent, among other factors, is relevant to proving possession. *United States v. Goodale*, No. 2:11-cr-37, 2011 WL 5914335, at *8 (D. Vt. Nov. 28, 2011). Strangely,

5

neither party mentions that decision in its briefing, so the Court pauses to emphasize its bearing on the issues at stake.

Goodale had argued the six videos allegedly constituting child pornography were inadmissible because they were not lascivious as a matter of law. 2011 WL 5914335, at *2. The Court analyzed the *Dost* factors, six indicators adopted by some courts to assist in determining lasciviousness. *Id.* at *5-9; see *United States v. Dost*, 636 F. Supp. 828 (S.D. Cal. 1986), *aff'd sub nom. United States v. Wiegand*, 812 F.2d 1239 (9th Cir. 1987). The sixth factor asks "whether the visual depiction is intended or designed to elicit a sexual response in the viewer." *Dost*, 636 F. Supp. at 832. In *United States v. Rivera*, the Second Circuit examined the *Dost* framework, noting the factors "are useful for assessing the sufficiency of evidence, and pose questions that are (at least) germane to the issue of lasciviousness." 546 F.3d 245, 250 (2d Cir. 2008). It further examined the defendant's intent in creating the pornographic images in question. *Id.*

As a result, this Court noted that since "the Second Circuit makes a subjective inquiry informed by extrinsic evidence, the sixth *Dost* factor should still aid the fact finder in determining whether the images are lascivious." 2011 WL 5914335, at *8. That applied even though Goodale was charged

only with possession, since he admitted to creating the material he possessed. *Id.* The Court determined that a reasonable jury could find the sixth *Dost* factor met in Goodale's case in light of the fact "the Defendant composed the images to elicit a sexual response for himself," and "admitted to masturbating to the videos, confessed his sexual desires for J1, and culled particular still frames from the videos to make a separate collection of his favorite images." *Id.* In keeping with the Court's decision, Goodale's intent is relevant to the jury's consideration of Count One, even though it is but one of the issues the jury may take into account when it receives the case.

Since intent is relevant to both counts, and in light of the other points above, Goodale has not demonstrated the government's failure to properly cite the attempt charge in the indictment requires dismissing Count Two. **For that reason, the Motion to Dismiss is denied**.

### Motions in Limine – General Principles

Based upon the Court's ruling above, evidence of Goodale's intent and motive is generally admissible. However, the Court has not been shown the images and video the government intends to introduce at trial. As a result, the Court cannot assess the prejudicial impact of such evidence in relation to its probative value. Those decisions will have to be made at trial. But in

7

making those decisions, the Court will follow general principles in regard to the admissibility of evidence. Those principles are as follows:

(1) Statements Goodale may have made about his feelings for J1 are admissible generally to put in context his subsequent actions. Similarly, Goodale's statements about his sexual gratification at viewing the videos or handling J1's leotard will also be admissible to show motive and intent. However, statements he may have made regarding his sexual desires prior to 2009 and after J1 turned eighteen will be excluded. Statements about his wish to kiss J1 when she was a young child are so inflammatory as to substantially outweigh their probative value. Similarly, statements about his touching J1 during gymnastics are also highly inflammatory with little corresponding probative value.

(2) Evidence of statements made by or images taken by Goodale relating to J1 after she turned eighteen will be excluded under Rule 403. The Court appreciates such evidence may be admissible under Rule 404(b), but it would have an unduly prejudicial impact. The jury needs to decide whether the images allegedly possessed by Goodale prior to J1's eighteenth birthday are pornographic. Images

8

taken after her eighteenth birthday cannot be pornographic, but their introduction would inevitably confuse and prejudice the jury in deciding questions of guilt. The Court will insist that no images taken of J1 after her eighteenth birthday be introduced for any purpose. By contrast, measures Goodale took between 2009 and 2010 to create nude images of J1 while she was a minor is admissible. That would include the photos of J1 in a bikini that Goodale allegedly stole and altered. It would also include Goodale's efforts to spy on J1 from outside the bathroom and his work to record her from a camera placed within the bathroom.

(3) The government will be permitted to call witnesses it intends to use to prove its case. Those witnesses may include J1, Darcy, and Maggie Fox, and their primary role would be to testify to statements made by Goodale. The government may offer the testimony of J1 and Darcy to prove other facts relevant to its case, including their family relationship with Goodale. Fox may only testify to statements made to her by Goodale. Prior to the testimony of each of these three witnesses, the government shall disclose to the Court the substance of their testimony.

(4) The Court will not permit evidence of the state proceedings related to this case or the government's exercise of prosecutorial discretion.  Any other charges filed are immaterial, and the Court does not second guess the prosecutor's choice of charges to file.

(5) The Court will reserve judgment on how the video evidence will be presented to the jury.

Dated at Burlington, in the District of Vermont, this 6th day of March, 2012.

                                       /s/William K. Sessions III
                                       William K. Sessions III
                                       U.S. District Court Judge